## Mary Sabol, Appellee, v. Joseph G. Heintz et al., Appellants.

### Gen. No. 6,364.   (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 19, 1917.

### Statement of the Case.

Bill in equity by Mary Sabol, complainant, against Joseph G. Heintz, John J. Wellnitz and Joliet Trust & Savings Bank, a corporation, defendants, to subject the premises of the defendants Joseph G. Heintz and John J. Wellnitz to the payment, as provided in section 10 of the Dramshop Act (J. & A. ¶ 4610), of a judgment of eight hundred dollars obtained under

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

section 9 of the Act (J. & A. ¶ 4609), against Robert McMillin, a saloon keeper and tenant of such premises. From a decree for complainant subjecting the said premises to the payment of the judgment, subject to the lien of a trust deed held by defendant bank, for the payment of as much as was unpaid on the notes secured by the trust deed and ordering the sale of the premises subject to the lien of the trust deed for the payment of as much money as was unpaid on the notes secured thereby, defendants Heintz and Wellnitz appeal.

SNAPP, HEISE & SNAPP, for appellants.

COWING & KING, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 260*—*when lien against property of owner of rented premises for judgment against saloon keeper enforceable.* The lien provided by section 10 of the Dramshop Act (J. & A. ¶ 4610), subjecting premises rented for saloon purposes to the payment of a judgment obtained against the saloon keeper under section 9 of the Act (J. & A. ¶ 4609), is enforceable in equity, as the proceeding is not one taken to enforce a penalty.

2. INTOXICATING LIQUORS, § 260*—*when cause of action to subject property of saloon keeper to payment of judgment accrues.* In a chancery proceeding to subject premises rented for saloon purposes to the payment of a judgment against the saloon keeper, as provided in section 10 of the Dramshop Act (J. & A. ¶ 4610), where it was contended that the proceeding, being one to enforce a penalty, was barred by the Two-Year Statute of Limitations, which began to run from the time the cause of action accrued against the saloon keeper, *held* that the cause of action against the property of the defendants did not accrue under said section until after the judgment had been obtained in the common-law suit, as the causes of action were distinct.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Sabol v. Heintz, 205 Ill. App. 157.

3.  INTOXICATING LIQUORS, § 260*—*what are considered as adjudicated matters in equity proceedings to subject rented saloon premises to judgment against saloon keeper*. In equity proceedings to subject premises rented for saloon purposes to the payment of a judgment against the saloon keeper, as provided in section 10 of the Dramshop Act (J. & A. ¶ 4610), the facts as to sales of liquor and consequent damages to the complainant are considered adjudicated in the common-law suit, and cannot be controverted in the equity suit.

4.  INTOXICATING LIQUORS, § 260*—*what must be proved in equity proceedings to subject rented saloon premises to judgment against saloon keeper*. In equity proceedings to subject premises rented for saloon purposes to the payment of a judgment against the saloon keeper, as provided in section 10 of the Dramshop Act (J. & A. ¶ 4610), the proof must show that the saloon keeper was selling intoxicating liquor in the premises of the owner at the time in question.

5.  INTOXICATING LIQUORS, § 260*—*when decree in equity proceedings to subject premises rented for saloon purposes to judgment against saloon keeper is erroneous*. In equity proceedings to subject premises rented for saloon purposes to the payment of a judgment against the saloon keeper, as provided by section 10 of the Dramshop Act (J. & A. ¶ 4610), where the holder of a trust deed was made a party, and the decree provided for a sale subject to the lien "for the payment of so much money as may be unpaid on the note secured thereby," *held* that such decree improperly left the holders of the incumbrance without remedy as to any lien provided in case the trustee should be compelled to pay taxes, expenses of foreclosure and other sums secured or provided in the trust deed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.